# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EARNEST E. CLARK,

      Plaintiff,

v.                                                                                            Civ. No. 93-1113 JP/WWD

OWENS CORNING FIBERGLASS CORPORATION, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On August 8, 2002, Plaintiff filed a Motion for Clarification (Doc. No. 87). The question presented by Plaintiff's motion is what effect this Court should give to an order of dismissal entered by Judge Charles Weiner, who presided over some of Plaintiff's claims in a related cause of action under the jurisdiction of the Panel on Muti-District Litigation (MDL). In resolving Plaintiff's Motion for Clarification the Court will first consider Crown Cork & Seal Company, Inc.'s Motion to Dismiss Complaint for Insufficiency of Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) that Crown has presented in this case.[1]

---

[1] Crown has filed a Motion to Dismiss Complaint for Insufficiency of Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) in only two of the nine cases remanded to New Mexico from the MDL panel, *Kuykendall v. Owens Corning Fiberglass Corp., et al.*, Civ. No. 98-535 JP/DJS and *Bilbo v. Owens Corning Fiberglass Corp., et al.*, Civ. No. 93-1507 JP/DJS. Crown's response to Plaintiff's Motion for Clarification states that if Plaintiff prevails on that motion, Crown will file a similar motion to dismiss in each New Mexico case. Civ. No. 93-1113 JP/WWD, Doc. No. 88 at 7-8. Given Crown's position, the parties have stipulated that Crown's motion to dismiss and Plaintiff's response in *Kuykendall* and *Bilbo* will apply as well to the remaining seven remanded cases, *Taylor v. Owens Corning Fiberglass Corp., et al.*; Civ. No. 93-536 JP/LFG, *Cordova v. Owens Corning Fiberglass Corp., et al.*; Civ. No. 93-537 JP/WWD, *Hooser v. Owens Corning Fiberglass Corp., et al.*; Civ. No. 93-1111 JP/WWD, *Barreras v. Owens Corning Fiberglass Corp., et al.*; Civ. No. 93-1112 JP/WWD, *Clark v. Owens Corning Fiberglass Corp., et al.*; Civ. No. 93-1113 JP/WWD, *Martinez v. Owens Corning Fiberglass Corp., et al.*; Civ. No. 93-1114 JP/WWD, and *Walker v. Armstrong World Industries, Inc., et al.*; Civ. No. 93-1115 JP/LFG. Although Crown has filed reply briefs in *Kuykendall* and *Bilbo* in response to the parties' stipulation, these briefs were not timely filed under the local rule D.N.M. LR-Civ. 7.6 and will not be considered. Therefore Plaintiff's request to file a sur-reply is denied.

*Factual Background*

In 1993 Plaintiff filed a complaint in this action seeking compensatory and punitive damages for asbestos exposure. Later that year the asbestos cases then pending in the District of New Mexico were transferred to the MDL, which assigned the cases to Judge Weiner as part of MDL 875. In November of 2001, Crown Cork & Seal Company, Inc. (Crown) filed in MDL 875 a Motion to Dismiss Complaint for Insufficiency of Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) since Plaintiff had not properly served Crown during the nine years the case had been pending. Before Judge Weiner ruled on Crown's motion to dismiss in MDL 875, the MDL panel divided the causes of action asserted in Plaintiff's complaint. The MDL panel remanded Plaintiff's claims for compensatory damages to the District of New Mexico while retaining Plaintiff's claims for punitive damages. The MDL's order was filed in the District of New Mexico on May 6, 2002.

On May 31, 2002, after Plaintiff's compensatory damages claims had been remanded to this Court, Judge Weiner ruled on Crown's motion to dismiss. Using the proposed form of order attached to Crown's motion, which assumed Plaintiff's entire complaint was being considered by only the MDL court, Judge Weiner dismissed Plaintiff's complaint with prejudice. The parties now dispute how Judge Weiner's motion affects the litigation pending in this Court. Plaintiff argues that since his compensatory claims had been transferred to the District of New Mexico before Judge Weiner entered his order dismissing Plaintiff's complaint, Judge Weiner was without jurisdiction to rule on Plaintiff's claims in this Court. Crown contends that Judge Weiner's order disposed of Plaintiff's complaint in its entirety, including Plaintiff's compensatory damages claims pending against Crown in this Court.

From a practical standpoint Plaintiff's Motion for Clarification requests this Court to make an independent evaluation of Crown's Motion to Dismiss Complaint for Insufficiency of Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5), rather than permitting Judge Weiner's ruling to pre-determine the issue. Accordingly, before analyzing how Judge Weiner's order affects this case, the Court will consider the merits of Crown's motion to dismiss based on insufficient service of process.

When Plaintiff filed his complaint in 1993, he mailed to Crown a copy of the complaint, a summons, and a notice and request regarding waiver of service. Fed. R. Civ. P. 4(d).[2] Although Crown received Plaintiff's mailing, Crown did not waive service of process by signing and returning Plaintiff's Notice and Acknowledgment of Receipt of Summons and Complaint. Under the Federal Rules of Civil Procedure, Plaintiff was then required to serve Crown "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). During the nine years following the filing of Plaintiff's complaint, Plaintiff never served Crown. On June 6, 2002, counsel for Crown entered an initial appearance in this case to contest the sufficiency of process. Now, for the first time, Plaintiff asks the Court to extend the time for service of process under Fed. R. Civ. P. 4(m).

---

[2] In 1993 a plaintiff who failed to serve a complaint within the 120 day limit imposed by Fed. R. Civ. P. 4 had to demonstrate good cause for an extension of time to effect service. In December 1993, Fed. R. Civ. P. 4 was amended to permit an "extension of time for service even when the plaintiff has not shown good cause." *Espinoza v. U.S.*, 52 F.3d 838, 840-41 (10th Cir. 1995). The December 1993 amendments "insofar as just and practicable" applied to all civil actions then pending. *Espinoza*, 52 F.3d at 840. Because it is just and practicable to apply the 1993 amendments to this case, and later amendments do not concern the analysis here, the Court will apply and cite to the current edition of the Federal Rules of Civil Procedure.

*Analysis*

Under Fed. R. Civ. P. 4(m), a district court considering whether to grant a plaintiff an extension of time to serve a defendant must address, seriatim, two factors: (1) whether Plaintiff can show good cause for the failure to serve timely, and (2) whether, in the absence of good cause, a discretionary extension of time is warranted. "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza*, 52 F.3d at 841.

Plaintiff has not tried to explain why he did not serve Crown within the 120 days allowed under Fed. R. Civ. P. 4(m). Instead, Plaintiff argues that good cause exists to extend the time for service of process because Crown has suffered no prejudice. According to Plaintiff, copies of the notice, summons, complaint, all correspondence, and all the discovery produced in this litigation were mailed to Crown (although Crown's attorney in Texas, Frank Harmon, disputes receiving the correspondence and discovery). Plaintiff's argument does not overcome the Tenth Circuit's holding that "actual notice" and the "absence of prejudice" do not amount to good cause on Plaintiff's part. *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). The Tenth Circuit "has interpreted the phrase [good cause] narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996). Under Tenth Circuit precedent, the good cause provision of Fed. R. Civ. P. 4(m) protects "only those plaintiffs who have been meticulous in their efforts to comply with the

Rule." *Despain*, 13 F.3d at 1438. Plaintiff has not shown a meticulous effort to comply with Fed. R. Civ. P. 4.

Plaintiff contends that, in the absence of good cause, the Court should exercise its discretion under Fed. R. Civ. P. 4(m) to extend the time for service of process because the statute of limitations will bar Plaintiff from refiling his claims against Crown. *Espinoza*, 52 F.3d at 842 (stating that independent of the good cause analysis, a "district court should consider the limitations period in deciding whether to exercise its discretion under Rule 4(m)"). In *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1306 (3rd Cir. 1995), which the Tenth Circuit considered persuasive authority in *Espinoza,* the Third Circuit emphasized "that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." The Tenth Circuit has adopted such an approach, affirming a district court's discretionary dismissal based on insufficient service of process even though the plaintiff could not effectively refile his complaint. *May v. Oklahoma Dep't of Corrections*, 2000 WL 633244 (10th Cir. 2000) (unpublished opinion).

Plaintiff relies on cases outside of the Tenth Circuit to argue that the running of the statute of limitations "must be given close attention,"*Panaras v. Liquid Carbonic Industries Corp*., 94 F.3d 338, 341 (7th Cir. 1996) (observing that defendants filed their motion to dismiss 124 days after plaintiff filed the complaint), especially when the defendant has suffered no prejudice. Plaintiff's authorities do not aid his cause. On the second appeal, after *Panaras* was remanded so the district court could reconsider the statute of limitations issue, the Seventh Circuit affirmed the

5

dismissal of plaintiff's complaint for insufficiency of process.  The Seventh Circuit observed that plaintiff "really had nothing going for his position except the mercy of the judge, and in this case the mercy pool was dry. Panaras's only plea—save him from the statute of limitations—wasn't enough to move the judge, who thought granting relief here would 'encourage sloth.'" *Panaras v. Liquid Carbonic Industries Corp*. 116 F.3d 1482, 1997 WL 295317,*1 (7th Cir.1997) (unpublished opinion).  Plaintiff's other authorities involved minor extensions of time compared to the more than nine years requested here, and involved plaintiffs who attempted to pursue their claims with some diligence. *Matasareanu v. Williams*, 183 F.R.D. 242, 247 (C.D. Cal. 1998) (granting a discretionary extension of time when a pro se plaintiff, who was jailed during the latter part of the 120 day period for making service, had served defendant 90 days after the time for service had run and defendant showed no prejudice); *Nanyonga v. I.N.S*., 200 F.R.D. 503, 506 (M.D. Pa 2001) (granting a discretionary extension of time when plaintiff had diligently prosecuted her claim by filing a motion for default judgment approximately 4½ months after filing her complaint and defendant showed no prejudice).  Here,  although over nine years have passed, Plaintiff has neither attempted to rectify his deficient service nor attempted to prosecute Crown's failure to answer.  A discretionary extension of time under Fed. R. Civ. P. 4(m) on these facts is inappropriate.

Judge Weiner's order dismissing Plaintiff's complaint simply re-enforces this conclusion. While law of the case may have attached to Plaintiff's punitive damages claims that remained in MDL 875, Plaintiff is correct that the law of the case doctrine does not apply to Plaintiff's claims which had been remanded to this Court before Judge Weiner entered his order of dismissal. *Stevens v. Danek Medical, Inc.*, 1999 WL 33217282 (S.D. Fla 1999) ("Once remand has taken

6

place, any MDL jurisdiction that might have supported law of the case no longer exists.") (unpublished opinion). However Judge Weiner's order collaterally estops Plaintiff from relitigating the issue. Collateral estoppel applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Harrison v. Eddy Potash, Inc*., 248 F.3d 1014, 1022 (10th Cir. 2001). Insofar as Judge Weiner retained jurisdiction over Plaintiff's punitive damages claims, Judge Weiner's order was a final adjudication on the service of process issue. Therefore Judge Weiner's order serves as an independent basis—collateral estoppel—to dismiss this action.

    IT IS THEREFORE ORDERED that:

    (1)    Crown's Motion to Dismiss Complaint for Insufficiency of Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) is GRANTED on its merits;

    (2)    Judge Weiner's order of May 31, 2002, collaterally estops Plaintiff from relitigating in this case Plaintiff's request for an extension of time in which to serve process; and,

    (3)    Plaintiff's Motion for Clarification (Doc. No. 87) is resolved accordingly.

                                    /s/ James A. Parker
                                    CHIEF UNITED STATES DISTRICT JUDGE